IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

REBEKAH DENISE MEREDITH                                              PLAINTIFF

vs.                           Civil No. 6:18-cv-06118

COMMISSIONER, SOCIAL                                                 DEFENDANT
SECURITY ADMINISTRATON

## MEMORANDUM OPINION

Rebekah Denise Meredith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on November 14, 2016. (Tr. 12). In this application, Plaintiff alleged being disabled due to degenerative disc disease, osteoarthritis,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

sjogrens syndrome, fibromyalgia, scoliosis, neuropathy, depression/anxiety, asthma, migraine headaches, and dysphagia or schatzki's ring recurrent complications. (Tr. 255). Plaintiff alleged an onset date of November 1, 2010. (Tr. 12). This application was denied initially and again upon reconsideration. (Tr. 116-146).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this application, and this hearing request was granted. (Tr. 71-96, 147-154). On May 8, 2018, the SSA held an administrative hearing in Hot Springs, Arkansas. (Tr. 71-96). At this hearing, Plaintiff was present and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty (50) years old, which is classified as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). (Tr. 74). Plaintiff also testified she had a bachelor's degree in teaching. (Tr. 75).

On July 9, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 9-22). The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2016. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of November 1, 2010 through her date last insured of December 31, 2016. (Tr. 14, Finding 2). The ALJ determined that, through her date last insured, Plaintiff had the following severe impairments: diffuse disease of the connective tissue, migraine headaches, and a mood disorder with anxiety. (Tr. 14-15, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-20, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant can lift/carry no more than 20 pounds at a time with frequent lifting/carrying of up to 10 pounds. The claimant can perform activities that require a good deal of walking or standing, six hours in an eight-hour workday. The claimant can perform complex, detailed or skills tasks, involving multiple variables. She is able to exercise considerable independent judgment and requires little to no supervision.

*Id.*

The ALJ evaluated her Past Relevant Work ("PRW"). (Tr. 20-22, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following PRW: (1) teacher's aide (semi-skilled, light); (2) teacher of preschool (skilled, light); (3) teacher of elementary school (skilled, light); and (4) secretary (skilled, sedentary). (Tr. 20-22, Finding 6).

In addition to this PRW, the ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22). The VE also testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) cashier II (unskilled) with 1.7 million jobs nationally and (2) sales attendant (unskilled) with 350,000 jobs nationally. *Id.* Because the ALJ found Plaintiff retained the capacity to perform her PRW and this other work, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) at any time from November 1, 2010 (alleged onset date) through December 31, 2016 (date last insured). (Tr. 22, Finding 7).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On October 24, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On November 26, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 26, 2018. ECF No. 8. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: the ALJ erred by failing to consider the evidence relevant to her subjective complaints. ECF No. 12 at 1-19. As an initial matter, the Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or

from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subject complaints. In his opinion, the ALJ merely provided the following routine statement regarding those allegations:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 20). Indeed, although the ALJ references "other evidence," the ALJ does not explain what "other evidence" supports this credibility determination. (Tr. 16-20).

Upon review, in his opinion, the ALJ based his credibility determination upon the fact Plaintiff's medical records did not support those allegations. For example, the ALJ stated Plaintiff "does not display any *objective* signs of anxiety or depression during medical evaluations." (Tr. 19) (emphasis added). The ALJ also stated, "[t]he claimant experiences some depression with anxiety, but she has *no actual psychiatric treatment* or *inpatient admissions* due to these symptoms." (Tr. 20) (emphasis added).

The Court finds this determination was in error. *See Polaski,* 739 F.2d at 1322 (recognizing "[t]he ALJ, however, cannot discount Plaintiff's subjective complaints 'solely because the objective medical evidence does not fully support them [the subjective complaints]'"). Thus, this case must be remanded for further consideration of this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record.  As such, this case is reversed and remanded for further findings consistent with this opinion.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of October 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE